# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 1, 2011

No. 09-50909

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

FILOMENO TREVINO FRANCO,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

PER CURIAM:

Filomeno Trevino Franco appeals his convictions for two counts of aiding and abetting in the bribery of a public official. He raises six issues on appeal, including challenges to the constitutionality of the federal bribery statute, the adequacy of his indictment, and the appropriateness of the jury instructions. After reviewing his claims, we AFFIRM Franco's conviction.

## I.

The facts in this case are not in dispute. Franco was incarcerated at the Ector County Correctional Center ("ECCC") in Odessa, Texas. ECCC is owned

No. 09-50909

by a private correctional management company that contracts with the federal government to house and manage all the U.S. Marshals Service inmates within the Western District of Texas.

In June 2008, ECCC hired Andrew Zehr to work as an entry-level correctional officer. Franco approached Zehr, asking him to bring peanut butter, tuna fish, and other small food items to the jail. Zehr agreed, and a friend of Franco's paid Zehr $100 for his services. Later, Franco recruited Zehr to ask the friend to buy Franco a cell phone. Franco offered Zehr $150 in return for smuggling the cell phone, other food items, and cigarettes into ECCC. For $75, Zehr brought Franco enchiladas and a box containing marijuana. Finally, Zehr was paid $100 to bring Franco a bag of marijuana. ECCC terminated Zehr for bringing contraband into the facility, and Zehr pled guilty to being a public official who took a bribe.

A jury convicted Franco on two bribery counts for violating 18 U.S.C. § 201, and the district court sentenced him to concurrent 78-month sentences. This term was to run consecutively with his other federal sentences. Franco timely appealed.

## II.

Franco argues that § 201, as applied to the facts of his case, is unconstitutional. The statute makes it a crime to "directly or indirectly, corruptly give[], offer[], or promise[] anything of value to any public official . . . to induce such public official . . . to do or omit to do any act in violation of the lawful duty of such official or person." Franco asserts that no federal money was involved, and Congress lacks authority under either the Commerce Clause or the

2

No. 09-50909

Spending Clause to regulate his activity.  Franco simply spent $325 of his own money to bring a cell phone, food, and marijuana into a county jail.

To support his argument, Franco compares § 201 with 18 U.S.C. § 666, which was enacted as a gap-filler when § 201 had been held by some courts not to apply to state or local employees.[1]  Section 666 imposes criminal penalties on anyone who "corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence . . . an agent of an organization or of a State, local, or Indian tribal government . . . in connection with any business . . . involving anything of value of $5,000 or more."  For criminal liability to lie, the statute requires that the organization or government receive at least $10,000 in federal benefits annually.  In *Sabri v. United States*, the Supreme Court upheld the constitutionality of § 666, even though the statute did not require proof of connection with federal money as an element of the offense.[2]  The Court found that § 666 was a valid exercise of the Spending Clause and the Necessary and Proper Clause, in part because "the statutes condition the offense on a threshold amount of federal dollars defining the federal interest."[3]

In contrast, Franco asserts that § 201 provides no minimum threshold amount.  When the statute only applied to officers of the United States, a minimum monetary threshold was not required for Congress to have authority to regulate the bribery as a crime against the United States.  In 1984, the Supreme Court expanded the definition of "public official" to include a "person

---

[1] *See Salinas v. United States*, 522 U.S. 52, 58–59 (1997).

[2] 541 U.S. 600, 605–06 (2004).

[3] *Id.* at 606.

3

No. 09-50909

[who] occupies a position of public trust with official federal responsibilities," regardless of whether that person was a federal employee or contracted agent.[4] The Court further noted that "[t]o be a public official under section 201(a), an individual must possess some degree of official responsibility for carrying out a federal program or policy."[5] Again, no minimum threshold amount was required because the defendants held positions of public trust and allocated federal resources.

Yet here, Franco contends no federal dollars were involved because Zehr was not responsible for allocating federal funding. Thus, the argument goes, the Spending Clause is inapt. However, Zehr was a person with "official federal responsibilities."[6] Federal dollars contributed to Zehr's paycheck because of ECCC's contract with the U.S. Marshals. Part of that contract included an agreement to comply with federal detention standards, which prohibit contraband from entering prison facilities. The federal government has a spending interest in assuring that its dollars do not support a contracted prison official who, by accepting bribes, contravenes the rules of the U.S. Marshals. The government fisc maintains an interest in preventing those with official federal responsibilities from being subject to bribery, as "corrupt contractors do

---

[4]*Dixson v. United States*, 465 U.S. 482, 496 (1984).

[5]*Id.* at 499.

[6]Franco also asserts that in enacting § 201, Congress did not intend to include someone in Zehr's position in the definition of a public official. The legislative history of § 201 suggests otherwise. *See id.* at 494–96 (describing Congress's endorsement of *United States v. Levine*, 129 F.2d 745 (2d Cir. 1942), and its "long-standing commitment to a broadly-drafted federal bribery statute").

4

No. 09-50909

not deliver dollar-for-dollar value."[7]  Therefore, Congress has the "prophylactic power to criminalize bribes or kickbacks even when the . . . funds have not been 'traceably skimmed from specific federal payments.'"[8]

This court has previously held that corrections officers employed by private companies contracting with the federal government are "public officials" as defined by § 201(a)(1).[9]  Here, Zehr "performed the same duties, and had the same responsibilities, as a federal corrections officer employed at a federal prison facility."[10]  Under these circumstances, "and for purposes of the federal bribery statute, there is simply *no* basis for differentiating between such private and public officers."[11]  Zehr is a public official under § 201.  A person who gives "anything of value" to him may be criminally liable under the statute.  Franco offered $325 to induce Zehr to smuggle goods into ECCC; thus, Franco's conviction was proper and constitutional.[12]

---

[7]*Sabri*, 541 U.S. at 606.

[8]*United States v. Comstock*, 130 S. Ct. 1949, 1964 (2010) (quoting *Sabri*, 541 U.S. at 605).

[9]*United States v. Thomas*, 240 F.3d 445, 448 (5th Cir. 2001).

[10]*Id.*

[11]*Id.* at 449.

[12]We also note that under the Necessary and Proper Clause, Congress has the authority to "provide for the operation of a federal criminal justice system and a federal prison system," which were both established by the First Congress.  *Comstock*, 130 S. Ct. at 1969 (Alito, J., concurring).  Regardless of how many federal dollars were involved at ECCC, the federal government has an interest in the illicit activity of its own prisoners.

5

No. 09-50909

III.

For the first time on appeal, Franco challenges the district court's subject matter jurisdiction based on what Franco believes were deficiencies in his indictment. Because Franco did not object at trial to the sufficiency of the indictment, we review the matter for plain error.[13] To demonstrate plain error, an appellant must show an error that is clear or obvious and that affects his substantial rights. If he makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings.[14]

Generally, an indictment that closely tracks the language under which it is brought is sufficient to give a defendant notice of the crimes with which he is charged.[15] However, "[a]n indictment need not precisely track statutory language because the basic purpose of an indictment is to inform a defendant of the charge against him."[16] No prescribed set of words are required—the indictment simply needs to allege each element of the crime in a way that allows the accused to prepare his defense and invoke the Double Jeopardy Clause in a subsequent proceeding.[17]

Franco's indictment accused him of aiding and abetting to "corruptly give,

---

[13]*United States v. McGilberry*, 480 F.3d 326, 328 (5th Cir. 2007).

[14]*Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

[15]*United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003).

[16]*United States v. Ramos*, 537 F.3d 439, 459 (5th Cir. 2008) (internal quotation marks and citation omitted).

[17]*Id.*

No. 09-50909

offer, and promise a cash payment to a public official in return for that official being induced to smuggle a cell phone [and marijuana] into the Ector County Correctional Center . . . in violation of [18 U.S.C. § 201(b)(1)(C)]." The statute, § 201(b)(1)(C), prohibits corruptly giving anything of value to a public official in order to induce him into doing any act in violation of his lawful duty.[18]  Franco argues that his indictment failed to allege that the public official, Zehr, violated his lawful duty.  However, the term "smuggle" implies Zehr's actions violated his lawful duties.[19]  Because the indictment as a whole fairly imported that Zehr was induced to do an act in violation of his lawful duty, it is sufficient.[20]

Franco further asserts that his indictment failed to allege an implicit element of the offense.  Franco contends that because § 666, which applies to individuals who are not federal employees, requires a minimum monetary threshold, then when applied to non-federal employees, § 201 also must implicitly require a monetary threshold.  However, the text of § 201 only requires that the public official be bribed with "anything of value."  Zehr was a public official, and the indictment asserted that Franco made a cash payment, which has value.

Since Franco has not shown plain error with respect to the sufficiency of the indictment against him, we find that the district court properly exercised its jurisdiction.

---

[18] *See United States v. Pankhurst*, 118 F.3d 345, 352 (5th Cir. 1997).

[19] *See* WEBSTER'S II NEW RIVERSIDE UNIV. DICTIONARY 1099 (1984) (defining smuggle as "[t]o bring in or take out illicitly or secretly").

[20] *See United States v. Dentler*, 492 F.3d 306, 309 (5th Cir. 2007).

7

No. 09-50909

IV.

Finally, Franco challenges the jury instructions. Since Franco did not object to the instructions in district court, we review his arguments for plain error.[21]

Franco again asserts that there is an implied monetary threshold in § 201. Given the threshold Franco believes exists, he contends the district court erred in not providing the dollar amount in the jury instructions. However, the district court's instructions directly follow the Fifth Circuit's pattern instructions for § 201(b)(1), which this court has previously endorsed.[22] Thus, the instructive given was not plainly erroneous.[23]

Next, Franco contends that the district court's instruction on the definition of a "public official" amounted to a mandatory presumption that effectively removed the matter from the jury's consideration. The jury instructions provided that:

A "public official" is any person who acts for or on behalf of the United States, that is, a person who possesses some degree of official responsibility for carrying out a federal program or policy.

A "public official" need not be an employee of the federal government or of any government at all; a person who acts for or on behalf of the federal government pursuant to a contract or other business relationship can be a "public official." The term "public official" thus includes an employee of a private corporation who acts

---

[21]*See United States v. Foy*, 28 F.3d 464, 474 (5th Cir. 1994).

[22]*See United States v. Tomblin*, 46 F.3d 1369, 1379–80 (5th Cir. 1995).

[23]Moreover, as discussed in Part II, *supra*, we do not find that § 201 requires an implicit federal dollar threshold when the bribery involved a federal prisoner and a contracted corrections officer.

No. 09-50909

for or on behalf of the federal government pursuant to a contract.

The first paragraph combines the statutory language from § 201(a)(1) with the Supreme Court's definition provided in *United States v. Dixson*.[24] Thus, it is a correct statement of law.  For the second paragraph, Franco argues that a governmental contract does not automatically make one a public official. However, given this court's ruling in *United States v. Thomas*, where we held that a privately employed corrections officer was a public official under § 201,[25] the instructions given to the jury were not an incorrect statement of law. The district court did not plainly err.

V.

For the reasons stated above, we AFFIRM Franco's conviction.

---

[24] 465 U.S. at 499.

[25] 240 F.3d at 448.