# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31044

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

QUINCY RICHARD, SR.,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana

Before JOLLY and JONES, Circuit Judges, and AFRICK*, District Judge.

E. GRADY JOLLY, Circuit Judge:

This appeal presents questions arising from a Louisiana public-corruption case. Quincy Richard, Sr., a former member of the St. Landry Parish School Board, pledged his support to an applicant for the position of School Board Superintendent in exchange for $5,000. Unknown to Richard, the applicant was a government informant, and Richard was convicted by a jury under the federal bribery statute, 18 U.S.C. § 666. On appeal, Richard challenges the sufficiency of his indictment, the constitutionality of § 666, the sufficiency of the evidence, one of the district court's evidentiary rulings, and

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

No. 13-31044

his sentence. We find no reversible error, and so we AFFIRM his conviction and sentence.

I.

Quincy Richard, Sr., was a member of the St. Landry Parish School Board. Early in the summer of 2012, he arranged a meeting between himself; John Miller, a fellow member of the School Board; and Joseph Cassimere, an applicant for the position of School Board Superintendent. At the meeting, Richard and Miller asked Cassimere to discuss his application for the Superintendent position. When Cassimere began detailing his plans for improving local schools, however, Richard informed him that it would "take a little bit more than that" for Cassimere to be selected. Miller elaborated, explaining that he and Richard vote as a team and like to "work" for the Superintendent, but that, in order for them to work on Cassimere's behalf, it would take "some kind of finance."

Cassimere assumed that they were joking. But when, weeks later, Richard arranged another meeting at which Richard and Miller put a specific dollar figure on their support, he concluded that the bribery scheme was serious. He therefore contacted the FBI, who gave him recording equipment and instructed him to record future conversations with Richard and Miller.

Several more meetings followed. At one, Richard reiterated that Cassimere needed to "take care of Miller" while rubbing his fingers together in a gesture that Cassimere understood to refer to money. At another, Cassimere informed Richard and Miller that he could pay them $5,000 apiece, and the group agreed to reconvene for payment.

Finally, on September 24, 2012, two days before the Board was scheduled to select a Superintendent, Cassimere met Miller and Richard at the restaurant of a local casino. Cassimere had come with $10,000 worth of FBI-provided bribe money, and FBI agents were in place to covertly monitor the

No. 13-31044

meeting. During the meeting, Cassimere gave Richard and Miller each an envelope containing $5,000. Richard was confronted by an FBI agent as he left the restaurant, and he surrendered the envelope.

Richard and Miller were charged with one count of conspiracy to commit bribery in violation of 18 U.S.C. § 371 and two counts of bribery in violation of 18 U.S.C. § 666. Miller pled guilty and cooperated with the government, but Richard decided to go to trial. Before Richard's trial began, the Board held its vote to select a Superintendent. Richard, who had remained on the Board despite his indictment, cast the deciding vote against Cassimere and in favor of one of his competitors. Later, a Louisiana state court held that Richard was ineligible to serve on the School Board because of a prior, unrelated felony conviction. The government moved to prevent this judgment, which was pending appeal, from being presented at trial, and the district court agreed, citing relevance.

At trial, Richard was convicted by a jury on all three counts. He was then sentenced to thirty-three months of imprisonment per count, to be served concurrently, followed by three years of concurrent supervised release per count.

## II.

In this appeal, Richard challenges the sufficiency of his indictment, the constitutionality of § 666, the sufficiency of the evidence, one of the district court's evidentiary rulings, and his sentence. We consider each challenge in turn.

## A.

Richard's first argument on appeal is that his indictment does not satisfy the constitutional requirements of adequately providing him full notice of the crime of which he has been charged. "We review the sufficiency of the

No. 13-31044

indictment de novo." *United States v. Simpson*, 741 F.3d 539, 547 (5th Cir. 2014).

Richard's argument as to the sufficiency of the indictment focuses on the counts charging him with violating the federal bribery statute. That statute punishes "an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof" who "corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more," if "the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program." 18 U.S.C. § 666(a)(1)(B), (b). The statute defines an "agent" as "a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative." *Id.* § 666(d)(1).

The superseding indictment closely tracks the language of § 666. It alleges that Richard was an "agent[] and board member[] of the St. Landry Parish School Board, an organization receiving federal assistance in excess of $10,000 within the one year period before September 24, 2012," and that he "corruptly agreed to accept and did in fact accept a thing of value from a victim/candidate for the position of Superintendent of the St. Landry Parish School Board intending to be influenced and rewarded in connection with a transaction and series of transactions of [the Board] involving anything of value of $5,000 or more." The indictment also includes a conspiracy count, which further alleges that the Superintendent's salary was approximately $120,000 per year.

4

No. 13-31044

According to Richard, the indictment is insufficient because it fails to include some particulars, such as which federal program the School Board received money from, which transaction was the subject of the bribe, and the name of the particular person from whom he allegedly accepted a bribe. "Generally," however, "an indictment that closely tracks the language under which it is brought is sufficient to give a defendant notice of the crimes with which he is charged." *United States v. Franco*, 632 F.3d 880, 884 (5th Cir. 2011). An indictment need not list every particular of the offense. Instead, it "simply needs to allege each element of the crime in a way that allows the accused to prepare his defense and invoke the Double Jeopardy Clause in a subsequent proceeding." *Id.* at 885. The superseding indictment closely tracks the language of § 666, alleging each essential element under that statute. Moreover, Richard will have no trouble invoking the Double Jeopardy Clause in any future proceeding, since all of the details he identifies as missing from the indictment came to light during the course of his prosecution. *See United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1986) ("By relying on the evidence in the record detailing exactly which charges constituted embezzlement, [the defendants] can avoid a subsequent prosecution for these same offenses."). We therefore reject Richard's argument that the indictment was constitutionally insufficient.

## B.

Richard next challenges the constitutionality of § 666, under which he is charged. We review the constitutionality of a federal statute de novo. *United States v. Lawrence*, 727 F.3d 386, 396 (5th Cir. 2013).

Richard's challenge to § 666's constitutionality must first confront and distinguish the Supreme Court's decision in *Sabri v. United States*, 541 U.S. 600 (2004). There, the defendants argued that the statute was unconstitutional because it does not require a nexus between the criminal

activity and the federal funds. *Id.* at 604–05. The Supreme Court rejected that argument, holding that the Necessary and Proper Clause authorized Congress "to see to it that taxpayer dollars appropriated under [the Spending Clause] are in fact spent for the general welfare, and not frittered away in graft." *Id.* at 605. Because money is fungible, the Court reasoned, a nexus between the criminal activity and the federal funds is unnecessary. *Id.* at 606.

Richard emphasizes that his challenge to § 666 is an as-applied challenge, not a facial challenge like that brought in *Sabri*. *See id.* at 604. His argument that the statute is unconstitutional as applied, however, is unpersuasive. According to Richard, § 666 cannot constitutionally be applied to the area of education, where state interests are stronger than federal interests. Post-*Sabri*, though, we have applied § 666 to a secretary working in a school-district superintendent's office who used the district's credit card to make unauthorized purchases. *See United States v. Ollison*, 555 F.3d 152, 160–61 (5th Cir. 2009). Thus, Richard's invocation of the state's interest in education, standing alone, fails to demonstrate that § 666 is unconstitutional as applied to him.

C.

We next consider Richard's sufficiency-of-the-evidence challenges. To establish federal criminal jurisdiction over this admitted bribe, the government is required to establish that the School Board received more than $10,000 of federal benefits in a one-year period. *See* § 666(b). Thus, Richard first challenges the sufficiency of the evidence with respect to the amount of funds received from a federal program. He also challenges the evidence said to support the value of the transaction connected with the bribe. Finally, he argues that the evidence does not support the existence of a conspiratorial agreement. Review of the sufficiency of the evidence is "highly deferential to the verdict." *United States v. Gulley*, 526 F.3d 809, 816 (5th Cir. 2008) (internal

quotation marks omitted). We do not re-weigh the evidence, but rather ask "whether the evidence, when reviewed in the light most favorable to the government with all reasonable inferences and credibility choices made in support of a conviction, allows a rational fact finder to find every element of the offense beyond a reasonable doubt." *United States v. Harris*, 293 F.3d 863, 869 (5th Cir. 2002) (internal quotation marks omitted).

### 1.

Richard's first sufficiency-of-the-evidence challenge relates to § 666's jurisdictional element, which requires the government to show that the defendant's agency "receives, in any one year period, benefits in excess of $10,000 under a Federal program." § 666(b). To prove this element, the government offered the testimony of Elizabeth Scioneaux, the Deputy Superintendent for Finance for the Louisiana Department of Education. Scioneaux explained how federal money is distributed to school districts in Louisiana and stated that, in the one-year period preceding Richard's acceptance of the bribe, the St. Landry Parish School District received $18,923,877 in federal funds.

Richard does not contest the factual accuracy of Scioneaux's testimony. Instead, he argues that the School Board is distinct from the School District, and thus that the government has not proven that the Board received $10,000 in federal funds. Scioneaux, however, testified that, for the purposes of distributing federal education grant money, school boards and school districts are synonymous. The jury could reasonably have relied on this testimony in determining that the jurisdictional element was met.

### 2.

Richard next challenges the sufficiency of the evidence as it relates to § 666's "transactional element," which requires the recipient of the bribe to have taken the bribe "intending to be influenced . . . in connection with any

business, transaction, or series of transactions . . . involving any thing of value of $5,000 or more." § 666(a)(1)(B). This challenge also fails. As the government points out, in *United States v. Marmolejo* we held that the value of § 666's transactional element may be satisfied by looking to the amount of the bribe, reasoning that we were so persuaded because that is how "an appraiser would value an asset." 89 F.3d 1185, 1194 (5th Cir. 1986). Thus, because the amount of the bribe here was $5,000, the jury reasonably could have concluded that the transactional element was satisfied.[1]

### 3.

Finally, Richard argues that the evidence was insufficient for the jury to convict him on the conspiracy count. In particular, he argues that the evidence showed only that he and Miller had similar objectives, not a conspiratorial agreement.

To prove a conspiracy under 18 U.S.C. § 371, the government must show "(1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the members of the conspiracy in furtherance of the objective of the conspiracy." *United States v. Coleman*, 609 F.3d 699, 704 (5th Cir. 2010). A conspiracy "conviction may be based even on uncorroborated testimony of an

---

[1] At oral argument, Richard argued that, when a bribe is given by a government agent, the amount of the bribe is not a reliable indication of the value of the bribe's subject matter, and thus *Marmolejo* should not apply. The argument is, *Marmolejo* was based on the notion that the best evidence of an item's value is "the price a willing buyer would pay a willing seller," 89 F.3d at 1194 (internal quotation marks omitted), and, in a sense, a government agent who gives a suspect a bribe is a "willing buyer" only of a conviction, not of the purported object of the bribe. Moreover, if a government-provided bribe of at least $5,000 renders § 666's transactional element satisfied, then the government might always be able to satisfy the transactional element simply by giving a suspect at least $5,000, irrespective of the true value of the bribe's object. Nonetheless, Richard waived this argument by raising it for the first time at oral argument. *United States v. Solis*, 299 F.3d 420, 454 n.119 (5th Cir. 2002). Thus, addressing the merits of this argument must wait until another day.

accomplice or of someone making a plea bargain with the government, provided that the testimony is not incredible or otherwise insubstantial on its face." *United States v. Shoemaker*, 746 F.3d 614, 623 (5th Cir. 2014) (internal quotation marks omitted).

At trial, Miller testified that Richard proposed that they make money on the selection process even before the opening for Superintendent was announced. The government also presented evidence that both Richard and Miller met with Cassimere and that they told him that they voted as a team and required payment to swing the vote for Cassimere. Richard and Miller both had contact with Cassimere, and Richard once encouraged Cassimere to "take care of Miller" while making a hand gesture understood to signify "money." Furthermore, both Miller and Richard attended the final meeting with Cassimere when payment was made. Finally, the government presented evidence that corroborated the testimony of both Miller and Cassimere, including audio and video recordings, telephone records, and some of Richard's own statements.

This evidence was sufficient for the jury to have convicted Richard on the conspiracy count. We therefore reject Richard's final sufficiency-of-the-evidence challenge.

## D.

Richard next challenges an evidentiary ruling of the district court. Before the trial in this case began, a Louisiana state court ruled that Richard was ineligible under state law to serve on the School Board because of a prior felony conviction. Though Richard was appealing this judgment at the time of trial, the government anticipated that he might attempt to use the judgment to prove that he was not an "agent" of the School Board for the purposes of § 666. It therefore moved to exclude the judgment, arguing that whether Richard was eligible to be elected to the Board as a matter of state law was

irrelevant to whether he was an "agent" of the Board under § 666 at the time of his criminal conduct; and, in any event, that admission of the state-court judgment might confuse the jury as to whether Richard's status as an "agent" was a question of federal or state law.[2]  The district court agreed with these arguments and excluded any reference to the judgment.  Richard now contends that the district court's exclusion of the judgment deprived him of the opportunity to present a defense—specifically, the defense that he was not an "agent" of the School Board because he was ineligible to serve in such capacity.

Ordinarily, we review evidentiary rulings for abuse of discretion.  *United States v. Brooks*, 681 F.3d 678, 709 (5th Cir. 2012).  If the defendant fails contemporaneously to object to the ruling, however, our review is only for plain error.  *United States v. Williams*, 620 F.3d 483, 488–89 (5th Cir. 2010).  Plain error is the appropriate standard here.  The district court decided to exclude the state-court judgment during a discussion with counsel just before opening statements at Richard's trial.  Richard did not object to the court's ruling during this discussion—though he was given an express opportunity to do so[3]—or at any other point in the district-court proceedings.  Thus, we apply plain-error review to Richard's challenge to the district court's evidentiary ruling.

Given the heightened standard of review, we cannot say that the district court's evidentiary ruling merits reversal.  Plain-error review requires the defendant to show "(1) error, (2) that is clear or obvious, and (3) that affected

---

[2] Section 666 defines an "agent" as "a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative."  § 666(d)(1).

[3] After the district court ruled the judgment excluded, he expressly gave Richard's counsel an opportunity to object, telling Richard's counsel that he was persuaded by government counsel's argument "unless [Richard's counsel had] something to show [that] he's wrong."  Richard's counsel replied, "No, sir, Your Honor."

the defendant's substantial rights." *United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014). Then, "[i]f those requirements are met, the reviewing court may in its discretion remedy the error only if it (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Even assuming that the first three prongs of the plain-error test are satisfied, *see, e.g., United States v. Blocker*, 104 F.3d 720, 735 (5th Cir. 1997), Richard's argument fails on the fourth prong. Regardless of whether he was eligible to serve on the Board at the time of his election, it is undisputed that Richard did in fact serve on the Board at the time of his criminal conduct. He held himself out as a Board member, drew a Board member's salary, and cast binding votes along with the other Board members.[4] Given these circumstances, the district court's error, if there was any, was not the sort of "particularly egregious" error that we have discretion to correct under the fourth prong of plain-error review. *See United States v. Delgado*, 672 F.3d 320, 328 (5th Cir. 2012). We therefore reject Richard's challenge to the district court's evidentiary ruling.

E.

Finally, Richard objects to several of the Sentencing Guideline determinations that determined his sentence. We review the district court's sentencing-related fact-findings for clear error and its application of the Guidelines de novo. *United States v. Montgomery*, 747 F.3d 303, 311 (5th Cir. 2014).

1.

---

[4] Indeed, this last point is vividly illustrated by the record evidence indicating that Richard ultimately cast the deciding vote in favor of one of Cassimere's competitors for the Superintendent position. At sentencing, the district court characterized this vote as "vengeful," and remarked on the incongruity of Richard's casting it "at that meeting—the meeting that [Richard] say[s] now [he wasn't] even a board member for, but it sure counted."

No. 13-31044

Richard first argues that the district court erred in applying § 2C1.1 of the Guidelines (titled "Offering, Giving, Soliciting, or Receiving a Bribe") instead of § 2C1.2 (which has the same title, except "Gratuity" substitutes for "Bribe"). *See* U.S. Sentencing Guidelines Manual § 2C1.1–2 [hereinafter U.S.S.G.]. The statutory index suggests both § 2C1.1 and § 2C1.2 for violations of § 666. *Id.* app. A. When the statutory index specifies more than one offense Guideline for a particular statute, the court is to "determine which of the referenced guideline sections is most appropriate for the offense conduct charged in the count of which the defendant was convicted." *Id.* § 1B1.2 cmt. n.1. We have previously stated that § 2C1.1 is the appropriate Guideline when the offense conduct charged includes a "corrupt purpose." *See United States v. Whitfield*, 590 F.3d 325, 367 n.31 (5th Cir. 2009). Here, the indictment alleges that Richard "*corruptly* agreed to accept and did in fact accept a thing of value" (emphasis added). Thus, the district court did not err in applying § 2C1.1.

2.

The district court increased Richard's offense level by two levels under U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1 because it found that the offense involved bribes totaling $10,000. Richard objects to the district court's application of this enhancement on two grounds. First, he argues that he should, at most, be responsible for $5,000, instead of $10,000, because he personally accepted only $5,000 from Cassimere. Second, Richard argues that § 2C1.1(b)(2) does not apply because the government ultimately recovered the bribe money it provided to Cassimere and thus did not suffer a loss. Neither argument carries the day.

Richard's first argument fails because Richard was convicted of participating in a conspiracy with Miller. As this court has previously held, the "offense" referred to in § 2C1.1 includes "the offense of conviction and all relevant conduct." *See United States v. Roussel*, 705 F.3d 184, 198 (5th Cir.

2013) (internal quotation marks omitted).  Since the $5,000 received by Miller forms part of the basis of the conspiracy conviction, the district court did not err in including that $5,000 in its § 2C1.1(b)(2) calculation.

Richard's second argument is equally unpersuasive.  The government's ultimate recovery of the bribe money does not preclude the application of § 2C1.1(b)(2) because that Guideline instructs the court to determine the extent of the offense-level increase based on the "greatest" of the amount of the bribe, the amount of the benefit to be received by the bribe-giver, "*or* the loss to the government."  U.S.S.G. § 2C1.1(b)(2) (emphasis added).  The district court was therefore not required to look to the loss to the government in determining the applicability of § 2C1.1(b)(2).

3.

Next, Richard argues that the district court improperly increased his offense level under U.S.S.G. § 2C1.1(b)(3), which applies when "the offense involved an elected public official."  *Id.* § 2C1.1(b)(3).  This argument revives Richard's earlier contention that he was ineligible to serve on the School Board under Louisiana law because of his prior felony conviction. According to Richard, his ineligibility means that he cannot have been an "elected public official" as that term is used in § 2C1.1(b)(3).

This argument is spurious.  The language of the Guideline does *not* require that Richard be an *eligible* officeholder.  Richard was, in fact, elected and he did, in fact, serve on the School Board in an official capacity with the full authority of the office, and he accepted the bribe while officially occupying the office.  Since he unquestionably was "an elected public official," the district court did not err in increasing Richard's offense level under § 2C1.1(b)(3).

4.

Finally, Richard argues that the district court improperly rejected his request for a reduction in the offense level for acceptance of responsibility

under U.S.S.G. § 3E1.1. But that "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *Id.* § 3E1.1 cmt. n.2. Here, Richard put the government to its burden of proof at trial, filed a post-verdict motion for acquittal challenging the sufficiency of the evidence, and continued to assert that he was innocent as late as his factual objections to the PSR. The district court therefore did not err in declining Richard's request for a § 3E1.1 reduction.

## III.

Richard proposed and accepted a bribe in exchange for his support in selecting a School Board Superintendent. All of the requirements for a valid federal conviction under § 666 have been satisfied. The district court committed no error in sentencing Richard. In sum, Richard's contentions on appeal are meritless. Accordingly, his conviction and sentence are

AFFIRMED.