# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60092
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEN NOWLIN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:07-CR-108-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ken Nowlin, former federal prisoner # 12642-042 appeals the district court's denial of his petition for coram nobis challenging his guilty plea conviction for conspiring with a corruptly influenced Lafayette County, Mississippi, Board supervisor illegally to share commissions from the county's purchase of its employees' health insurance policies in violation of 18 U.S.C. § 666.  Nowlin's motion to supplement the record is GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60092

This court reviews the district court's "factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ [of coram nobis] for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046, (2010). The writ of coram nobis is an extraordinary remedy. It is appropriate when the petitioner is no longer in custody but "can demonstrate that he is suffering from civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify extraordinary relief." *United States v. Castro,* 26 F.3d 557, 559 (5th Cir. 1994) (internal quotations and citation omitted). This writ, however, will issue only if there is no other remedy available and if sound reason exists for the defendant's failure to seek appropriate earlier relief. *United States v Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).

Nowlin argues that the district court erred as a matter of law in misconstruing the decision in *United States v. Whitfield*, 590 F.3d 325 (5th Cir. 2009), by failing to require the Government to allege and prove a direct nexus between the alleged bribery misconduct and the $10,000 in federal funds received by the county, a jurisdictional element in a § 666 case. He contends that, in the absence of proof of that nexus element, the district court lacked subject matter jurisdiction over his criminal proceedings. The Government responded that the alleged "jurisdictional" issue was actually an objection to the sufficiency of the evidence to support the § 666 charge and that he had waived his objection to the sufficiency of the evidence in pleading guilty.

Section 666 penalizes one who corruptly gives or offers to give anything of value, with the intent to influence or reward an agent of the State, in connection with any agency business or transaction involving anything with a value of $5000 or more, if that agency receives during the relevant period in

2

No. 15-60092

excess of $10,000 of federal program funds per year. The jurisdictional element in the offense is the $10,000 in federal funds. *See United States v. Richard,* 775 F.3d 287, 293 (5th Cir. 2014).

Nowlin's argument that the court lacked subject matter jurisdiction is without merit because a direct nexus between the criminal conduct and the federal funds is not a jurisdictional element of a § 666 offense. *See Sabri v. United States*, 541 U.S. 600, 604 (2004). Thus, Nowlin's argument that the district court lacked subject matter jurisdiction in the case is without merit.

Reliance on *Whitfield* is misplaced because the Supreme Court and this court have established that in proving an offense under § 666, there must be a nexus between the bribery conduct and the agency receiving the federal funds. *See Salinas v. United States*, 552 U.S. 52, 56-57 (1997); *United States v. Phillips,* 219 F.3d 404, 413-14 (5th Cir. 2000). There is no requirement that there be a direct connection between the misconduct and the federal program funds. *Phillips*, 219 F.3d at 413-14.

The district court's denial of the petition for coram nobis is AFFIRMED. All outstanding motions are DENIED as moot.