# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40135
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUSTIN RYAN SERNA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-652-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Justin Ryan Serna pleaded guilty to one count of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a). The district court sentenced Serna to the statutory minimum sentence of 180 months in prison, which was also the applicable guidelines range, to be followed by a 10-year term of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40135

Following the completion of briefing, Serna's appointed counsel moved to withdraw based on her acceptance of employment with the Harris County District Attorney's Office, which became effective prior to the completion of briefing. This motion is granted. *See* Fifth Circuit Plan Under the Criminal Justice Act, § 5(b); *see also* 18 U.S.C. § 3006A(c). Serna's unequivocal motion to proceed pro se, and his motions to file a supplemental or replacement appellate brief, are granted. Although the Government has not had an opportunity to address the claims raised in Serna's pro se brief, we dispense with further briefing as we are able to resolve his claims on the record before us. Although Serna is not entitled to hybrid representation on appeal, *see United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999), in light of the unusual timing presented in this case, we shall address the claims in both counsel's brief and Serna's pro se brief.

Serna's counsel contends that the district court abused its discretion by failing to grant a downward departure, in light of Serna's favorable personal characteristics. We review de novo the district court's authority to depart below a statutory minimum sentence. *See United States v. James*, 468 F.3d 245, 246 (5th Cir. 2006). Because the Government did not seek a lower sentence based on Serna's substantial assistance, as permitted under 18 U.S.C. § 3553(e), and because Serna did not qualify for the safety valve of § 3553(f), the district court had no discretion to depart below the statutory minimum sentence. *See United States v. Harper*, 527 F.3d 396, 411 (5th Cir. 2008).

Counsel also asserts that the district court erred in imposing a two-level enhancement pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(i) based on Serna's use of a computer in the offense, as he maintains that the enhancement constitutes impermissible double counting. We need not address this issue, as any error in the district court's guidelines calculations would be harmless in light of the

2

statutory minimum sentence imposed. *See Harper*, 527 F.3d at 411; *United States v. Sandle*, 123 F.3d 809, 813 (5th Cir. 1997).

In his first pro se ground for relief, Serna contends that the indictment was insufficient to allege an offense or confer jurisdiction on the federal courts. Because he did not object to the indictment in the district court, we review for plain error. *See United States v. Franco*, 632 F.3d 880, 884 (5th Cir. 2011). An indictment is sufficient if (1) it contains the essential elements of each offense charged, (2) the elements are described with particularity, and (3) the charge is sufficiently specific to protect against a later prosecution for the same offense. *See United States v. Cooper*, 714 F.3d 873, 877 (5th Cir. 2013). As Serna's indictment closely tracks the language and sets forth the elements of § 2251(a), and the facts elicited during the rearraignment proceedings are adequate to protect him against a future prosecution based on the same conduct, the indictment is sufficient. *See United States v. Richard*, 775 F.3d 287, 292 (5th Cir. 2014). Serna therefore has not shown a clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). In any event, a guilty plea waives defects in an indictment. *United States v. Scruggs*, 714 F.3d 258, 261–64 (5th Cir. 2013).

Serna also asserts that the factual basis for his plea is insufficient. As he concedes, we review for this claim for plain error because it is raised for the first time on appeal. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Serna contends there was insufficient evidence to show that the photographs of the victim constituted "sexually explicit conduct" under 18 U.S.C. § 2256(2)(B)(iii), that he requested lascivious photographs from the victim, that he was involved in taking the photographs, that the photographs were taken as a result of his enticements, or that he ever received the photographs. The facts that were not disputed by Serna at the rearraignment

No. 16-40135

proceeding, together with those set forth in the presentence report, establish each element of the offense under § 2251(a). Although Serna complains that the district court should have asked him to describe in his own words the conduct underlying the offense, he cites to no authority forbidding a prosecutor from setting forth the relevant facts and obtaining the defendant's agreement with those facts during a guilty plea colloquy. Thus, Serna has not shown a clear or obvious error that affects his substantial rights. *See Puckett*, 556 U.S. at 135.

Accordingly, the judgment of the district court is AFFIRMED. Appointed counsel's motion to withdraw is GRANTED. Serna's motions for leave to proceed pro se and to file a supplemental or replacement brief are GRANTED, although we dispense with further briefing.