# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2022

Lyle W. Cayce
Clerk

No. 21-40470
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Sylvia P. Atkinson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:19-cr-1097-1

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Sylvia Atkinson held official positions in two Texas school districts. She used those positions to obtain money and other benefits in exchange for assisting others in securing contracts with the school districts. A jury found

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

her guilty of various crimes. She challenges her conviction and sentence. We affirm.

I.

Sylvia Atkinson was a school official at Brownsville Independent School District (BISD) and Rio Hondo Independent School District (RHISD). An FBI investigation revealed she abused those positions by aiding others in securing contracts with BISD and RHISD in exchange for money and other benefits. Specifically, she caused items to be placed on the BISD Agenda for consideration or action by the BISD Board of Trustees, voted for those items, and ensured that there were enough votes for the items to pass and the contracts to be awarded.

There were several separate incidents providing evidence of Atkinson's guilt, much of which was provided by a cooperating individual (CI) and an undercover FBI agent. The main incident involved a fake film project. In 2018, while Atkinson was on the BISD Board of Trustees, she agreed with the CI to assist a purported film company to use BISD facilities to film a movie in exchange for bribes from the company. The undercover agent acted as an employee of the film company and bribed Atkinson with $10,000. The agent made an initial payment of $4,000 to Atkinson in exchange for her placing the film project proposal on a BISD Board of Trustees meeting agenda. He paid her the remaining $6,000 after the Board approved the movie production agenda item by unanimous vote.

But the movie project was not the only incident. The Government put on evidence of numerous instances over several years where Atkinson used her position as a BISD or RHISD official to obtain money from companies or individuals in exchange for assistance in obtaining contracts with the school districts. For example, in 2015, while appellant was Assistant Superintendent for RHISD, the school district was considering purchasing computer tablets

for students. Atkinson coached a bidder through the process, intervened on his behalf when his bid was submitted late, and was successful in helping him obtain the contract. She later paid the CI a kickback for his help with the tablet contract. The Government also put on evidence of another scheme involving a company called iTutor. Atkinson planned to assist iTutor as a consultant in securing a bid for tutoring programs and then receive a commission from their sales. In addition, the Government put on evidence of many occasions where Atkinson failed to disclose conflicts of interest and paid off others to support the projects from which she stood to benefit.

The jury convicted Atkinson of conspiracy to commit bribery in violation of 18 U.S.C. § 371 (count 1); federal program bribery in violation of 18 U.S.C. §§ 666(a)(1)(B) and 2 (count 2); and using facilities in interstate commerce to promote bribery of a public official in violation of 18 U.S.C. §§ 1952 and 2 (the Travel Act) (counts 3–8). The district court sentenced her to 80 months' imprisonment on count 2 and 60 months' imprisonment as to each of the other counts (all to be served concurrently), fined her $35,000, and imposed three years of supervised release. Atkinson timely appealed.

## II.

Atkinson raises four sufficiency challenges on appeal. "[W]here a defendant objects to the sufficiency of the evidence in the district court, we review sufficiency *de novo*. When a sufficiency challenge is not preserved, we review for plain error." *United States v. Huntsberry*, 956 F.3d 270, 282 (5th Cir. 2020) (internal citation omitted). "A defendant's objection must be on the specific grounds he raises on appeal." *Id.* (quoting *United States v. Johnson*, 943 F.3d 214, 221–22 (5th Cir. 2019)). With respect to her first three issues on appeal, our review is *de novo* because Atkinson properly preserved them. She failed to preserve her fourth issue on appeal, however, so our

review is for plain error. We (A) start with the preserved challenges and *de novo* review, and then (B) turn to the forfeited challenge and plain-error review.

A.

When reviewing sufficiency challenges *de novo*, we accord "substantial deference to the jury verdict," and we "must affirm a conviction if, after viewing the evidence and all inferences in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Kieffer*, 991 F.3d 630, 634 (5th Cir. 2021) (quoting *United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018) and *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc)).

Atkinson first argues there was legally insufficient evidence to sustain her conviction for conspiracy to commit bribery because she conspired only with a CI and undercover officer. *See United States v. Manotas-Mejia*, 824 F.2d 360, 365 (5th Cir. 1987) ("[A] government agent cannot be a co-conspirator and . . . there can be no conspiracy between one defendant and a government informer."). The Government counters that the district court properly instructed the jury "[t]he conspiracy must include the Defendant and at least one other member who was, at the time, not a Government agent or informant." The Government also contends that the jury received evidence that Atkinson conspired with others beyond the CI and undercover officer. In numerous conversations with the CI and undercover agent, she revealed she worked with other individuals to accomplish the federal bribery scheme. We therefore hold that the evidence was sufficient for the jury to infer the existence of a conspiracy between Atkinson and those others. *See United States v. Martinez*, 900 F.3d 721, 728 (5th Cir. 2018) ("Evidence of a conspiracy and a defendant's participation in it may be circumstantial, and a

jury may infer that a conspiracy exists based on the presence, association, and concerted action of the defendant with others." (quotation omitted)).

In her second issue on appeal, Atkinson argues the evidence was legally insufficient to prove the school districts received "benefits in excess of $10,000 under a Federal program" as required by 18 U.S.C. § 666(b). Atkinson does not dispute the school districts received millions of dollars in federal funding during the relevant period. Instead, she contends that the Government failed to trace that federal money to *specific* programs within the schools. Precedent forecloses this argument. *See, e.g.*, *United States v. Richard*, 775 F.3d 287, 293–94 (5th Cir. 2014) (accepting as sufficient evidence testimony explaining local school district received over $18 million in federal funds, but not requiring additional evidence tracing the funds to specific school programs).

In Atkinson's third issue on appeal, she argues the evidence was legally insufficient to prove the bribery involved "any thing of value of $5,000 or more" as required by 18 U.S.C. § 666(a)(1)(B). She argues the "fictitious film project had no value, much less $5,000 or more." However, she admits she "solicited and accepted $10,000 to place the fictitious film project on the BISD agenda and help it pass." Her acceptance of a $10,000 bribe is sufficient evidence to support the jury's conclusion that the transaction involved a thing of value of $5,000 or more. *See United States v. Delgado*, 984 F.3d 435, 448 (5th Cir. 2021) (noting "bribe amount may suffice as a proxy for value" for purposes of § 666(a)(1)(B) (quotation omitted)).

B.

In her fourth issue on appeal, Atkinson argues the evidence is legally insufficient to sustain her convictions under the Travel Act because the predicate offense—bribery in violation of Texas law—does not qualify under 18 U.S.C. § 1952. Because she did not make this argument below, our review

is for plain error. *See Huntsberry*, 956 F.3d at 282 ("Where, as here, a defendant asserts *specific grounds* for a specific element of a specific count for a Rule 29 motion, he waives all others for that specific count." (quotation omitted)); *see also United States v. Kieffer*, 991 F.3d 630, 639 (5th Cir. 2021) (Oldham, J., concurring in the judgment) ("[I]f the defendant wants to preserve an insufficient-evidence challenge for de novo review, he must . . . specify at trial *the particular basis* on which acquittal is sought so that the Government and district court are provided notice." (quotation omitted)).

On plain-error review, "[r]eversal is justified if there was (1) an error, that was (2) plain, that (3) affected the defendant's substantial rights, and (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Huntsberry*, 956 F.3d at 282–83. "[W]e have summarized the plain-error test's application to unpreserved insufficiency claims by stating that the court will reverse only if there is a *manifest* miscarriage of justice." *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc) (internal quotation marks omitted).

Counts 3–8 of the superseding indictment alleged Travel Act violations predicated on bribery as defined by Texas law. *See* 18 U.S.C. § 1952 (prohibiting using "any facility in interstate or foreign commerce, with intent to" carry on "any unlawful activity," and defining "unlawful activity" to include "bribery . . . in violation of the laws of [a] State"); *see also* TEX. PENAL CODE § 36.02(a) (defining bribery offense). Appellant argues the district court should have applied the "categorical approach" in deciding whether Texas bribery qualifies as a predicate offense under the Travel Act. But she provides no reason to think reversal is warranted under the applicable plain-error test. We therefore hold reversal is not justified on this issue.

III.

Atkinson next argues the district court denied her Sixth Amendment right to a public trial by closing the courtroom during the testimony of an undercover officer. We review a timely objection to the district court's courtroom closure *de novo* and will affirm "so long as the lower court had a 'substantial reason' for partially closing a proceeding." *United States v. Cervantes*, 706 F.3d 603, 611–12 (5th Cir. 2013).

Here, the district court had substantial reasons for partially closing the courtroom. The Government moved for a protective order asking the undercover FBI agent to testify outside the view of the public. It argued there was a substantial risk of danger for the agent and his family should his identity be revealed. The district court permitted the agent to testify in disguise. It also closed the courtroom to the public but ordered the audio feed of the testimony be played in a nearby courtroom, so that nothing was kept from the public. *See United States v. Osborne*, 68 F.3d 94, 98 (5th Cir. 1995) ("[T]he partial closing of court proceedings does not raise the same constitutional concerns as a total closure, because an audience remains to ensure the fairness of the proceedings."). The district court explained its reasons in detail and concluded its protective measures were "necessary to protect from disclosure the true identity of the UC witness" and would "not unduly prejudice" appellant. That did not offend the Sixth Amendment.

Atkinson also argues that the district court's closure of the courtroom should be considered "total" instead of "partial" under *Waller v. Georgia*, 467 U.S. 39, 48 (1984). It is unclear that the closure of a courtroom for the testimony of one out of sixteen witnesses constitutes "total" closure. It is particularly difficult to show a "total" closure where, as here, the district court ordered the audio feed of the undercover agent's testimony to be played in a nearby courtroom, so that nothing was kept from the public. *See*

*Bowden v. Keane*, 237 F.3d 125, 130 (2d Cir. 2001). But in any event, Atkinson's claim would fail even under *Waller*'s total-closure standard. The court had an overriding interest in protecting the undercover agent's identity; the court adopted procedures that were no broader than necessary to protect that agent's identity; the court considered alternatives; and the court provided a detailed rationale, spanning more than four transcript pages, for its decision. *See Waller*, 467 U.S. at 48.

IV.

In her four remaining issues, Atkinson challenges the application of the Sentencing Guidelines and the substantive reasonableness of her sentence. We (A) start with the Guidelines, and then (B) turn to the substantive reasonableness of the sentence.

A.

"We review a district court's interpretation of the sentencing guidelines de novo and its factual findings for clear error." *United States v. Soto*, 819 F.3d 213, 216 (5th Cir. 2016) (quotation omitted). "Clear error exists if we are left with a definitive and firm conviction that a mistake has been made." *United States v. Roussel*, 705 F.3d 184, 197 (5th Cir. 2013).

Atkinson has not shown the district court clearly erred in sentencing. She first argues the district court erred in imposing a two-level enhancement under U.S.S.G. § 2C1.1(b)(1) for an offense "involv[ing] more than one bribe" because the Government only proved the payment of one bribe. But the district court pointed to several separate incidents and found "ample evidence demonstrates that the offense involved more than one bribe or extortion." We are not "left with a definitive and firm conviction" that the district court made a mistake on this basis. *Roussel*, 705 F.3d at 197.

No. 21-40470

Appellant next argues the district court erred by imposing a four-level enhancement under U.S.S.G. § 3B1.1(a) because Atkinson was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The district court thoroughly evaluated this issue. And it concluded the PSR "identifie[d] several individuals who would qualify as participants" and found that "Dr. Atkinson was an organizer or leader of criminal activity that involved five or more participants and that was, in any event, otherwise extensive." We identify no clear error here.

Atkinson also argues the district court clearly erred in refusing to apply a downward adjustment under U.S.S.G. § 2X1.1(b)(2) because she did not commit all the acts necessary for the successful completion of the offense. She argues the offense was incomplete because the actual benefit she received was less than the amount she intended to receive. The district court rejected this argument and found that "Dr. Atkinson, as demonstrated by the facts in the PSR that are supported by sufficient indicia of reliability to support their accuracy . . . indeed committed all the acts necessary for the successful completion of the substantive offense with the exception of . . . the telehealth one." Because the district court omitted the telehealth venture from the calculation, it attributed a $46,000 benefit amount to Atkinson (lowered from $56,000). The $46,000 amount was supported by the evidence, but even assuming the government failed to show every payment was made, Atkinson had completed all of the actions needed to receive the money. The district court did not clearly err in refusing to apply the downward adjustment.

B.

Atkinson's within-guidelines sentence is not substantively unreasonable. We consider the substantive reasonableness of a sentence imposed under an abuse-of-discretion standard. *Gall v. United States*, 552

9

U.S. 38, 51 (2007). And we presume that a within-guidelines sentence is reasonable. *United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). The district court considered Atkinson's arguments and thoroughly explained why its decision was justified under the 18 U.S.C. § 3553(a) factors. The court highlighted "the seriousness of the offense, the need to promote respect for the law, and the need to provide a just punishment weigh heavily toward a stricter sentence." It emphasized the need to deter future criminal conduct and protect the public, but it also acknowledged Atkinson's "personal challenges." Atkinson fails to rebut the presumption of reasonableness for her within-guidelines sentence.

   AFFIRMED.