# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2023

Lyle W. Cayce
Clerk

No. 22-11178

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CORINNA ANN SANCHES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:22-CR-13-2

Before SOUTHWICK, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:

Corinna Ann Sanches contests her convictions for transferring a firearm to a prohibited person and for making false statements while purchasing a firearm, as well as the sentence imposed on her resulting from these convictions. She argues that these convictions run afoul of *In New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, ____ U.S. ____, 142 S. Ct. 2111 (2022) ("*Bruen*"), and that her upwardly varying sentence was substantively unreasonable. But her arguments concerning her convictions fail plain error review because there was no clear or obvious error, and the District Court did not

No. 22-11178

abuse its discretion in imposing an upwardly varying sentence. We therefore AFFIRM the District Court's judgment and sentence.

## I. Background

After her thirty-year marriage ended, Sanches entered a relationship with Angel Medina. Sanches came to learn that Medina had several felony convictions under his belt and, in the past, "used a gun" to assault his former common-law spouse and the mother of his child, C. V. Soon after though, Sanches and Medina went to a pawn shop for her to straw purchase a 9mm handgun, ammunition, and a laser guide for him. Indeed, surveillance footage and phone records confirm that Sanches texted Medina throughout the transaction so that he could select the firearm for her to purchase. After selecting Medina's desired firearm, Sanches marked "yes" on ATF Form 4473 Section B question 21a, which asks "[a]re you the actual transferee/buyer of the firearm(s) listed on this form . . . ?" That question warns the buyer as follows in bold print: "**Warning, you are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.**" Right above that document's signature line was the following warning, also in bold:

> **I certify that my answers in Section B are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 21.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law . . . . I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law.**

2

Sanches signed the form, completed the transaction, and gave Medina the straw purchased goods.

Medina proceeded to shoot at C. V.'s parents' residence (where she was staying) one week later because they denied him access to his child after he became belligerent. His shots hit and severely injured her parents. Medina fled in his car, then on foot when he wrecked it while the police pursued him. During the chase, Sanches texted Medina and told him to "dump" the gun. She then approached an officer and falsely claimed that Medina was staying at a hotel and contemplating suicide to throw them off his trail. Her gambit failed. The police found Medina hiding in a house, and he surrendered after an hours-long standoff. A week later, the ATF interviewed Sanches, who admitted to purchasing the items from the pawn shop and lying on the form.

Sanches pled guilty to (A) one count of making a false statement during the purchase of a firearm in violation of 18 U.S.C. §§ 926(a)(6), 924(a)(2), and (B) one count of transferring a firearm to a prohibited person in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2). At no point did she challenge the constitutionality of the statutes of conviction in the district court or the sufficiency of the admitted facts supporting her guilty plea.

Sanches's PSR came out to a total offense level of 12, comprised of a base offense level of 14 and a two-level reduction because she accepted responsibility. The government objected, however, because the PSR did not apply a two-level increase for obstruction under U.S.S.G. § 3C1.1. The District Court sustained, finding that Sanches obstructed the investigation into the offense when she told Medina to "dump" the gun. As a result, the District Court calculated an advisory guideline range of 12–18 months.

Sanches argued for a within-guidelines sentence, but the government asked for much more—120 months. The District Court declined both

No. 22-11178

suggestions, instead upwardly varying to 60 months. It articulated the following reasons for this variance:

> This is an upward variance. I believe that the guidelines do not adequately take into account the aggravating factors in this case. Straw purchases and transfer prohibitions are in place to keep guns away from those who have shown that they may not be trusted to follow the law and are therefore or may be more dangerous with firearms.
>
> Here you knew that your boyfriend was dangerous with firearms because you knew he had previously used one against his former girlfriend in the past. You knew he was a felon. You knew felons could not possess firearms and you knew of his anger to his previous girlfriend.
>
> Now, I understand that she sent him a photo of her having sex with the baby present with another man. But that, in my mind, only emphasizes the fact and the reasons why we don't allow this to take place.
>
> Anyway, following the actual shootings, you tried to divert the police from Medina. You told Medina to destroy evidence. And then it appears from the exhibit that the government submitted that you called while the baby mama was in the interrogation room and tried to persuade her to either not cooperate or to take some action that would not allow Medina to be punished as he should. All of this was done while the injured parties were in the hospital.
>
> Accordingly, to provide just punishment in this case I believe a sentence of 60 months is sufficient but not greater than necessary after balancing the factors presented by Mr. Nary in your sentencing memorandum, as well as these letters provided to me by family members.

No. 22-11178

> In fact, had I not received that argument, the sentence would be much higher today, but after balancing those mitigating factors presented by Mr. Nary and your family members, I have come to the conclusion that this sentence is necessary but not greater than necessary to comply with the statutory purposes of sentencing.

The District Court overruled Sanches's objections to her sentence. Sanches appeals.

## II. The District Court did not Plainly Err Concerning Sanches's Section 922(d)(1) Conviction.

### A. Plain Error Review Applies to Sanches's Challenge to Her Section 922(d)(1) Conviction.

Contrary to Sanches's assertion that *de novo* review applies, we implement plain error review because she did not challenge the statute's constitutionality in the District Court. *See United States v. Spires*, 79 F.3d 464, 465 (5th Cir. 1996). Sanches's citations to *United States v. Rahimi*, 61 F.4th 433 (5th Cir. 2023), and *United States v. Portillo-Muniz*, 643 F.3d 437 (5th Cir. 2011) do not help, as appellants in those cases raised their constitutional challenges in the district court. *See Rahimi*, No. 21-11001, 2022 WL 2070392, at *1 n.1 (5th Cir. June 8, 2022) (unpublished) ("Rahimi moved to dismiss the indictment on the ground that section 922(g)(8) on its face violates the Second Amendment and the district court denied the motion."), *superseded by*, 61 F.4th 443; *Portillo-Munoz*, 643 F.3d at 439 (reviewing *de novo* where Portillo moved to dismiss the indictment in the district court and "clearly reserved the right to appeal the denial of his motion to dismiss on Second Amendment grounds in his conditional guilty

No. 22-11178

plea"). Sanches did not. Applying plain error review here comports with our plain error analyses of similarly forfeited *Bruen* challenges.[1]

Plain-error review involves four prongs, each of which must be satisfied before we may intervene: (1) "there must be an error or defect . . . that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error – discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations and internal quotations omitted) (alterations and emphasis in original).

"Relief under the plain-error standard 'will be difficult to get, as it should be.'" *United States v. Figueroa-Coello*, 920 F.3d 260, 264 (5th Cir. 2019) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)). "The focus of plain error review should be 'whether the severity of the error's harm demands reversal,' and not 'whether the district court's action deserves rebuke.'" *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) (alterations and quotation omitted). Both of Sanches's challenges fail at the second prong.

---

[1] *See, e.g.*, *United States v. Garza*, No. 22-51021, 2023 WL 4044442, at *1 (5th Cir. June 15, 2023) (unpublished); *United States v. Johnson*, No. 22-20300, 2023 WL 3431238, at *1 (5th Cir. May 12, 2023) (unpublished); *United States v. Roy*, No. 22-10677, 2023 WL 3073266, at *1 (5th Cir. Apr. 25, 2023) (unpublished); *United States v. Hickcox*, No. 22-50365, 2023 WL 3075054, at *1 (5th Cir. Apr. 25, 2023) (unpublished); *United States v. Pickett*, No. 22-11006, 2023 WL 3193281, at *1 (5th Cir. May 2, 2023) (unpublished).

No. 22-11178

### B. Sanches's Challenge to Section 922(d)(1) Fails Plain Error Review.

#### 1. We Assume, Without Deciding, that Error Occurred.

To succeed in the first prong. Sanches must show "an error that has not been intentionally relinquished or abandoned." *United States v. Mims*, 992 F.3d 406, 409 (5th Cir. 2021) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)). Sanches claims that the District Court erred by convicting her under an allegedly unconstitutional statute. Under plain-error review, we need not decide whether § 922(d)(1) is unconstitutional, such that it was error to convict her of the crime. That is because we can assume, without deciding, that an error occurred. *See United States v. Alvarado-Martinez*, 713 F. App'x 259, 265–66 (5th Cir. 2017) (unpublished) (assuming, without deciding, that error occurred and addressing why the error was not plain); *United States v. Andaverde-Tinoco*, 741 F.3d 509, 518 (5th Cir. 2013) (addressing first and second prongs of plain-error review together as one inquiry). We thus assume *arguendo* that the District Court erred—meaning that Sanches satisfied the first prong—and continue with the remaining three prongs.

#### 2. The Assumed Error is neither Clear nor Obvious, so Sanches's Challenge Fails.[2]

Success at the second prong requires Sanches to show that the error was clear or obvious. She cannot do so because her *Bruen* arguments require extending precedent, which fails plain error review. To determine "whether an error is 'clear or obvious,' [this Court] look[s] to the 'state of the law at

---

[2] The parties spend significant time arguing § 922(d)(1)'s constitutionality considering *Bruen*. Given that Sanches cannot show a clear or obvious error and thus cannot pass plain error review, we do not reach these other arguments.

the time of appeal,' and [it] must decide whether controlling circuit or Supreme Court precedent has reached the issue in question, or whether the legal question would be subject to 'reasonable dispute.'" *United States v. Scott*, 821 F.3d 562, 570–71 (5th Cir. 2016) (quoting *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015)). Error cannot be plain if it requires extending precedent. *Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022); *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009). Similarly, there is not plain error unless the result "was plainly dictated by relevant laws and decisions." *Wallace*, 43 F.4th at 500. "In this circuit, a 'lack of binding authority is often dispositive in the plain error context.'" *United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir. 2022) (quoting *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015)).

Sanches argues that a conviction based upon an unconstitutional statute is both "plain" and "error." In support, she cites and discusses the *Bruen* case. In *Bruen*, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home," and concluded that New York's public-carry licensing regime was unconstitutional because New York issued licenses "only when an applicant demonstrate[d] a special need for self-defense." 142 S. Ct. at 2122. The Court set forth a new test for assessing the constitutionality of a statute under the Second Amendment. *See id.* at 2125–26, 2129–30. "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129–30. Only if the government meets its burden "may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* at 2130 (internal quotation marks and citation omitted). In his concurrence, Justice Kavanaugh—quoting *District of Columbia v. Heller*, 554 U.S. 570, 626–27

(2008), and *McDonald v. Chicago*, 561 U.S. 742, 786 (2010)—stated, "[n]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 2162 (Kavanaugh, J., concurring) (internal quotation marks omitted). *Bruen* did not address § 922(d)(1).

We recently extended *Bruen* to a preserved Second Amendment challenge to § 922(g)(8), which bans the possession of firearms by a person subject to a domestic violence restraining order. *See United States v. Rahimi*, 61 F.4th 443 (5th Cir.), *cert. granted* 143 S. Ct. 2688 (2023). Explaining that "*Bruen* clearly fundamentally changed our analysis of laws that implicate the Second Amendment" and rendered our prior precedent "obsolete," *id.* at 450–51 (internal quotation marks, brackets, and citation omitted), the *Rahimi* Court held—on *de novo* review—that § 922(g)(8) was unconstitutional, *id.* at 448, 461. But Sanches's challenge is not preserved.

Noting that "this Court invalidat[ed] § 922(g)(8) as facially unconstitutional," Sanches hopes that we will hold the same with respect to § 922(d)(1). However, we have not yet addressed the impact of *Bruen* on § 922(d)(1). And in the plain error context, "a lack of binding authority is often dispositive." *McGavitt*, 28 F.4th at 577 (internal quotation marks and citation omitted), *cert. denied*, 143 S. Ct. 282 (2022). While Sanches need not show that her specific challenge has been addressed in a prior decision, "[s]he must at least show error in the straightforward applications of existing cases." *United States v. Cabello*, 33 F.4th 281, 291 (5th Cir. 2022) (internal quotation marks and citation omitted). Arguments that require the extension of existing precedent cannot meet the plain-error standard. *Id.* In addition, any error is not plain if "this circuit's law remains unsettled and the other federal circuits have reached divergent conclusions." *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007).

No. 22-11178

There is no binding precedent holding § 922(d)(1) unconstitutional, *see McGavitt*, 28 F.4th at 577, and it is unclear that *Bruen* dictates such a result, *see* 142 S. Ct. at 2126 (requiring historical analysis); *Cabello*, 33 F.4th at 291, so we hold that the District Court did not commit plain error here.[3] In doing so, we remain consistent in our practice of denying unpreserved *Bruen* plain error appeals made on similar grounds. *See, e.g.*, *supra* n.1 (collecting cases). At bottom, the most Sanches can say is that *Bruen* could be extended to cover § 922(d)(1). That is, as our recent precedent makes clear, not enough to pass plain error muster. *Id.* Sanches thus fails to clear the second prong. Accordingly, we AFFIRM her 18 U.S.C. § 922(d)(1) conviction.

### III. THE DISTRICT COURT DID NOT PLAINLY ERR CONCERNING SANCHES'S SECTION 922(a)(6) CONVICTION.[4]

Again, contrary to Sanches' assertion that *de novo* review applies, we implement plain error review because she did not challenge the statute's constitutionality in the District Court. *See supra* II(A) (discussing same). As above, we begin by assuming without deciding that an error occurred and move to the second prong: determining whether this assumed error was clear or obvious. *See supra* II(B)(1) (discussing same). It was not, so we affirm.

Sanches begins her § 922(a)(6) argument by "assum[ing] that she has prevailed in her contention that section 922(d)(1) is unconstitutional" and

---

[3] Even if Sanches were able to satisfy the second plain error prong, she makes no effort to argue the third or fourth prongs. This "fail[ure] to meaningfully address all four prongs of plain-error review" provides an additional reason why we affirm her § 922(d)(1) conviction. *United States v. Green*, 47 F.4th 279, 289 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 747 (2023).

[4] The government spends significant time arguing that Sanches's § 922(a)(6) conviction withstands her appeal for reasons beyond her inability to satisfy the plain error standard. Given that Sanches cannot show a clear or obvious error and thus cannot pass plain error review, we do not reach these other arguments.

No. 22-11178

uses that contention as the foundation for the rest of her argument. That foundation lays on faulty ground. As with § 922(d)(1), there is no binding precedent holding § 922(a)(6) unconstitutional, and Sanches offers no such precedent.[5] While Sanches need not show that her specific challenge has been addressed in a prior decision, "[s]he must at least show error in the straightforward applications of existing cases." *Cabello*, 33 F.4th at 291 (internal quotation marks and citation omitted). She does not do so.

Thus, we hold that the District Court did not commit plain error here because there is no binding precedent holding § 922(a)(6) unconstitutional, *see McGavitt*, 28 F.4th at 577, and it is unclear that *Bruen* dictates such a result, *see* 142 S. Ct. at 2126 (requiring historical analysis); *Cabello*, 33 F.4th at 291. This is consistent with our practice of denying unpreserved *Bruen* plain error appeals made on similar grounds. *See, e.g.*, *infra* at n. 2. Accordingly, we AFFIRM Sanches's 18 U.S.C. § 922(a)(2) conviction.

## IV. The District Court's Upward Variance was not an Abuse of Discretion.

Last, Sanches challenges the District Court's upward variance in sentencing her. Sanches properly preserved this challenge, and we review it for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Our "review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular

---

[5] Sanches offers a brief citation to *United States v. Quiroz*, 629 F. Supp. 511 (W.D. Tex. 2022) as potential support, but it does not shift the plain error analysis. For example, that case is a district court case and is only persuasive authority, not the binding authority required to survive plain error review. *See McGavitt*, 28 F.4th at 577. More than that, *Quiroz* "hinge[d] on the constitutionality of [18 U.S.C.] § 922(n)," *not* § 922(a)(6). *Quiroz*, 629 F. Supp. at 514.

defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). We reverse a non-guidelines sentence if it "unreasonably fails to reflect the statutory sentencing factors" by (1) "not account[ing] for a factor that should have received significant weight, (2) giv[ing] significant weight to an irrelevant or improper factor, or (3) represent[ing] a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). In determining whether a sentence is substantively reasonable, we "take into account the totality of the circumstances, including the extent of any variance from the [g]uidelines range." *Gall*, 552 U.S. at 51. In so doing, it "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

Sanches attacks her sentence as substantively unreasonable, contending that the District Court misbalanced § 3553(a)'s factors by underemphasizing her law-abiding past  and achievements through adversity while overemphasizing Medina's behavior and the overall "aberrant nature of her criminal episode." But as Sanches concedes, "[t]his contention isn't an easy lift for [her]: this Court has previously held that it will not second-guess the decisions of sentencing courts." That is exactly what Sanches asks us to do, but the District Court made no unreasonable failures requiring us to set aside our mandated deference to its sentencing discretion. *See Gall*, 552 U.S. at 51 (holding that we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.").

The District Court gave a fulsome explanation of the reasons underpinning its decision to upwardly vary on Sanches's sentence. In fact, it made clear that it was prepared to upwardly vary even more but for the very factors

to which Sanches says it did not give sufficient weight.[6] According to the District Court, the "sentence would be much higher" had it not considered these factors.

It also explained why it upwardly varied: that "the guidelines do not adequately take into account the aggravating factors in this case." These factors included that Sanches knew that Medina used a firearm against C. V. in the past, knew that Medina was still angry with her, and that he was a felon prohibited from possessing a firearm. Then, after Medina used the straw-purchased firearm to shoot two people, Sanches went on to instruct him to "destroy evidence" and contact C. V. in an attempt to persuade her to undermine Medina's investigation and punishment.

Finally, the sentence imposed was well within a reasonable variance from the guidelines. It was only 36 months above the top of the guidelines range and 15 years below the statutory maximum sentence. The District Court did not abuse its discretion and we AFFIRM its sentence.

## V. Conclusion

Sanches's challenges to her convictions fail plain error review's second prong, and her challenge to her sentence fails to demonstrate an abuse of discretion by the District Court for the reasons discussed above. We thus AFFIRM the District Court's sentence and judgment.

---

[6] Sanches concedes as much in her brief, saying "[t]o be sure, the district court at sentencing opined that, absent consideration of other circumstances pertaining to Ms. Sanches, the court would have been inclined to vary upwards even more than it did."