# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10228
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN JAMAL BANGASH,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-11-1

———————————————————

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Jonathan Jamal Bangash appeals his conviction for illegal receipt of a firearm by a person under indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). He argues that (1) § 922(n) violates the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022);

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

(2) Congress exceeded its powers under the Commerce Clause when it enacted § 922(n); and (3) because of the above errors, the district court misadvised him of the nature of his offense and erroneously accepted the factual basis of his guilty plea, in violation of Federal Rule of Criminal Procedure 11.

We review Bangash's first and third claims for plain error because he did not raise either argument before the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). He did, however, preserve his Commerce Clause argument. We review the constitutionality of federal statutes de novo. *United States v. Bailey*, 115 F.3d 1222, 1225 (5th Cir. 1997).

Each of Bangash's arguments is unavailing. First, any error regarding whether § 922(n) violates the Second Amendment in light of the Court's decision in *Bruen* was not clear or obvious. *See United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023); *United States v. Sanches*, 86 F.4th 680, 687 (5th Cir. 2023); *United States v. Avila*, No. 22-50088, 2022 WL 17832287, at *1–2 (5th Cir. Dec. 21, 2022) (unpublished), *cert. denied*, 143 S. Ct. 2512 (2023). Second, as Bangash himself concedes, his Commerce Clause argument is unpersuasive. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013). Lastly, given our disposition of the underlying arguments, it follows that the district court committed no Rule 11 plain error.

AFFIRMED.