# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2025

Lyle W. Cayce
Clerk

No. 24-60417

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARCUS DELARS BRANSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CR-61-1

Before SMITH, GRAVES, and DUNCAN, *Circuit Judges*.
JAMES E. GRAVES, JR., *Circuit Judge*:

Marcus Delars Branson appeals his conviction for possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) violates the Second Amendment both on its face and as applied to him in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He also argues that § 922(g)(1) violates the Commerce Clause and Fifth Amendment's Due Process Clause. We AFFIRM.

No. 24-60417

I.

In 2018, Marcus Delars Branson was convicted of bank robbery in Texas and sentenced to a thirty-seven-month term of imprisonment to be followed by a three-year term of supervised release. Branson was released in 2020, and a condition of his supervised release was that he not possess a gun. In March 2023—months before his supervised release term was up—a United States Probation Officer visited Branson's apartment and found two firearms. Branson was indicted on one count of possession of a firearm by a person who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year—a violation of 18 U.S.C. § 922(g)(1).

Branson moved to dismiss the indictment, lodging facial and as-applied challenges under the Second Amendment in light of *Bruen*. The district court denied the motion to dismiss, and Branson thereafter pled guilty and was sentenced to a forty-one-month term of imprisonment, to run consecutively to his revocation sentence of twenty-four-months' imprisonment, followed by a three-year term of supervised release that would run concurrently with the revocation term of supervised release. This timely appeal followed, wherein Branson presents his preserved Second Amendment challenges and three unpreserved challenges.

II.

"We review preserved challenges to the constitutionality of a criminal statute de novo. But if the constitutional challenge was not presented to the district court, we review for plain error." *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014) (citation omitted).

No. 24-60417

## III.

Branson seeks reversal on five grounds, four of which are foreclosed. The fifth, his void-for-vagueness challenge, lacks merit.

### A.

First, Branson contends that § 922(g)(1) is facially unconstitutional under the Second Amendment. Branson concedes, however, that this argument is foreclosed by our precedent. *See United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024), petition for cert. filed (U.S. Feb. 24, 2025) (No. 24-6625)).

### B.

Second, Branson maintains that § 922(g)(1) is unconstitutional as applied to him, because "[t]he Government has put forth no evidence demonstrating that in the Founding Era, defendants convicted for similar crimes [to bank robbery] were subject to the death penalty or forfeiture of estate."

However, we recently reviewed a similar challenge in *United States v. Schnur*, 132 F.4th 863 (5th Cir. 2025), and held that "[b]ased on Schnur's two theft-related felony convictions, *Diaz* forecloses Schnur's as-applied challenge." *Id.* at 871 (collecting authority). Branson's conviction for bank robbery falls within the category of theft-related felony convictions. Thus, Branson's as-applied challenge is also foreclosed.

### C.

Third, Branson asserts that § 922(g)(1) is unconstitutional under the Commerce Clause. However, he concedes that "[t]his court has previously rejected this Commerce Clause–based argument." *See United States v. Seekins*, No. 21-10556, 2022 WL 3644185, at *2 (5th Cir. Aug. 24, 2022) (unpublished) (summarizing precedent)).

No. 24-60417

D.

Fourth, Branson argues that § 922(g)(1) violates the equal protection component of the Fifth Amendment's Due Process Clause. However, once again, Branson concedes that "this Court recently rejected a similar argument raised on plain error review in *United States v. Howard*, No. 24-40033, 2024 WL 4449866, at *2 (5th Cir. Oct. 9, 2024) . . . ."

E.

Branson's fifth challenge is not foreclosed. He claims that § 922(g)(1) is unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment "because it fails to provide a person of ordinary intelligence fair notice of what conduct is prohibited."

"A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012) (citing *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926); *Papachristou v. Jacksonville*, 405 U.S. 156, 162 (1972)); *accord United States v. Harriss*, 347 U.S. 612, 617 (1954). "A conviction or punishment fails to comply with due process if the statute or regulation under which it is obtained 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'"[1] *Fox*, 567 U.S. at 253 (quoting *Williams*, 553 U.S. at 304); *accord Beckles v. United States*, 580 U.S. 256, 262 (2017) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)).

---

[1] Branson does not argue that § 922(g)(1) "grants too much enforcement discretion to the Government. We therefore only address whether the statute 'provides a person of ordinary intelligence fair notice of what is prohibited.'" *Holder v. Humanitarian L. Project*, 561 U.S. 1, 20 (2010) (cleaned up) (quoting *Williams*, 553 U.S. at 304).

4

"Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 495 n.7 (1982) (modification accepted) (quoting *United States v. Mazurie*, 419 U.S. 544, 550 (1975)); *accord United States v. Clark*, 582 F.3d 607, 614 (5th Cir. 2009). "As a threshold matter, [Branson] must show that the statute is vague *in his case . . . .*" *Clark*, 582 F.3d at 614.

Branson does not cross the threshold. Branson was clearly put on notice that his offense comes within § 922(g)(1). As a reminder, § 922(g)(1) makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess any firearm. Branson neatly fits the statutory text. He was convicted of bank robbery and sentenced to thirty-seven-months' imprisonment, which, of course, exceeded one year. Under these facts and the express language of § 922(g)(1), an ordinary person had fair notice that it is unlawful for them to possess a gun. *See United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32–33 (1963) ("Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." (citing *Harriss*, 347 U.S. at 617)).

Branson's vagueness challenge, however, goes beyond the contours of the statute; he says that *Diaz* spawned vagueness. In his view, "[u]nder the current test permitting disarmament only if the Government demonstrates that the Nation has a longstanding tradition of disarming someone with an analogous criminal history, an ordinary person cannot know in advance of a court's retroactive declaration whether possessing a firearm post-conviction is a constitutional entitlement or a federal felony."

Branson seems to misunderstand the concept of vagueness. *See United States v. Gray*, 96 F.3d 769, 776 (5th Cir. 1999) ("The 'void-for-vagueness'

doctrine requires that a *penal statute* define the criminal offense with sufficient definiteness that ordinary people can understand what *conduct* is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." (emphasis added)). The statute, § 922 (g)(1), clearly defines the prohibited conduct—possessing a firearm as a felon. We are aware of no precedent that permits a vagueness challenge to circumvent the text because a court's interpretation has rendered vague an otherwise pellucid statutory provision.[2] *See Columbia Nat. Ress., Inc. v. Tatum*, 58 F.3d 1101, 1106 (6th Cir. 1995) ("No precedent supports the proposition that a party may attack a Supreme Court decision as void for vagueness."). Section 922(g)(1) survives vagueness review because "it define[s] the criminal offense with sufficient definiteness that ordinary people can understand what

---

[2] Branson cites to caselaw that in his view supports the conclusion that a court's statutory construction should be considered when reviewing whether a statute is unconstitutionally vague. Branson avers that "*Kolender* recognizes that a statute can be unconstitutionally vague based on how it has been construed." But the postures underlying *Kolender* and this case are markedly different. There, the Court was evaluating a facial challenge to a state law and followed the long-standing practice of considering "any limiting construction" proffered by the state. *See id.* at 355 & n.4; *see also United States v. Thirty-Seven Photographs*, 402 U.S. 363, 369 (1971). The same is true of the other cases Branson cites. *See Wainwright v. Stone*, 414 U.S. 21, 23 (1973) *High Ol' Times, Inc. v. Busbee*, 673 F.2d 1225, 1229 (11th Cir. 1982); *Copeland v. Vance*, 893 F.3d 101, 120 (2d Cir. 2018). The quoted language in *Kolender*, thus, indicates an exercise in federalism that is not relevant in this case where a federal court is tasked with reviewing a federal statute.

But even if *Kolender* stands for the principle that a court must consider whether a statute is vague in light of how courts have interpreted it, Branson's claim still falls short. Branson offers our September 2024 *Diaz* decision as the catalyst that made § 922(g)(1) vague. The corollary is that pre-*Diaz* § 922(g)(1) was not vague. Thus, when Branson was arrested in June 2023—over a year before *Diaz* issued—he had fair notice that pursuant to § 922(g)(1) it was illegal for him to possess a firearm. Because Branson must show that "the statute is vague *in his case*," his challenge necessarily fails. *Clark*, 582 F.3d at 614.

*conduct* is prohibited . . . ." *Gray*, 96 F.3d at 776 (citing *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 525 (1994)).

Because Branson failed to raise this constitutional challenge before the district court, we review for plain error only. *United States v. Conlan*, 786 F.3d 380, 385–86 (5th Cir. 2015). "Plain error exists if '(1) there is an error, (2) the error is plain, (3) the error affects substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Howard*, 766 F.3d at 419 (cleaned up) (quoting *United States v. Garcia-Carrillo,* 749 F.3d 376, 378 (5th Cir. 2014) (per curiam).

Branson points us to no precedent that makes us think that a different "result was 'plainly dictated by relevant laws and decisions.'" *United States v. Sanches*, 86 F.4th 680, 686 (5th Cir. 2023). Absent that, if there was any error—and we are not convinced there was—the error was not plain. *See id.* So Branson's unpreserved vagueness challenge fails.

## IV.

For the foregoing reasons, we AFFIRM the district court's sentence.