# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2025

Lyle W. Cayce
Clerk

No. 25-60086
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WARREN TRAVIS PFETZER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:23-CR-141-1

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Warren Travis Pfetzer appeals his guilty-plea conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues § 922(g)(1) violates the Second Amendment under the test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), both as applied to him and on its face. He

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60086

also argues that § 922(g)(1) is unconstitutional both for vagueness and under the Commerce Clause. He concedes that his facial and Commerce Clause challenges are foreclosed by this court's precedent, and he states he is raising these claims to preserve them for further review. The Government has filed an unopposed motion for summary affirmance.

We conclude that all of Pfetzer's claims are foreclosed by prior precedent from this court. *See, e.g.*, *United States v. Giglio*, 126 F.4th 1039, 1044 (5th Cir. 2025) (rejecting unconstitutional-as-applied Second Amendment claim because defendant was on supervision); *United States v. Schnur*, 132 F.4th 863, 870-71 (5th Cir. 2025) (rejecting unconstitutional-as-applied Second Amendment claim based, in part, on defendant's prior robbery conviction); *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024) (rejecting facial challenge to § 922(g)(1)), *cert. denied*, 2025 WL 1727419 (U.S. June 23, 2025) (No. 24-6625); *United States v. Branson*, 139 F.4th 475, 477-79 (5th Cir. 2025) (rejecting similar vagueness challenge); *United States v. Cisneros*, 130 F.4th 472, 476 (5th Cir. 2025) (concluding similar Commerce Clause challenge was foreclosed). Summary affirmance is thus warranted. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED.