# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2025

Lyle W. Cayce
Clerk

———————

No. 24-60600

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Larry Donnell Smith,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:23-CR-138-1

———————————————————————

Before Southwick, Higginson, and Wilson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:[*]

Defendant–Appellant Larry Donnell Smith brings several constitutional challenges to 18 U.S.C. § 922(g)(1). For the reasons explained below, we VACATE in part and AFFIRM in part the district court's order denying Smith's motion to dismiss his indictment and REMAND for the district court to reconsider Smith's as-applied Second Amendment challenge.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60600

I.

Smith appeals the district court's denial of his motion to dismiss his indictment. Smith was charged with two counts of possession of a firearm by a convicted felon. Smith's predicate felony convictions are breaking and entering a vehicle and receiving stolen property, both charged under Alabama law. Smith moved to dismiss his indictment, arguing that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to him, based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and related precedents. Smith further argued that § 922(g)(1) violates the Fifth Amendment's equal protection guarantee and the Commerce Clause. On April 29, 2024, the district court denied Smith's motion, reasoning that *Bruen* did not clearly abrogate cases upholding § 922(g)(1) as constitutional and that existing Fifth Circuit precedent foreclosed Smith's Commerce Clause and equal protection arguments. Smith pled guilty to one count, pursuant to a plea agreement promising dismissal of the other, but reserved the right to appeal the district court's order denying his motion to dismiss.

Smith timely appealed, asserting five constitutional challenges to § 922(g)(1). Smith argues that the statute (1) is unconstitutional as applied to him under the Second Amendment, (2) facially violates the Second Amendment, (3) is unconstitutionally vague, (4) violates the Commerce Clause, and (5) violates the Fifth Amendment's equal protection guarantee. Smith correctly admits that all but his as-applied challenge are foreclosed by precedent.[1] We decide that the district court and the parties should resolve

---

[1] The Government argues that Smith's appeal waiver bars his vagueness, Commerce Clause, and equal protection challenges. We need not consider the Government's appeal waiver arguments because binding precedent forecloses each of those challenges.

2

the history and tradition related to Smith's predicate felonies in the first instance to determine whether § 922(g)(1) is constitutional as applied to Smith.

## II.

"We review the constitutionality of a federal statute de novo." *United States v. Richard*, 775 F.3d 287, 293 (5th Cir. 2014).

## III.

As noted above, Smith brings an as-applied constitutional challenge to 18 U.S.C. § 922(g)(1). Smith argues that the district court failed to consider his predicate felony convictions and instead relied solely on reasoning from other Second Amendment decisions about defendants with different underlying convictions. According to Smith, this impersonal reasoning fails to satisfy the historical test set forth in *Bruen*, 597 U.S. 1, and *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). The Government responds that historical laws punishing receipt of stolen goods and Smith's full criminal history, beyond his two felony convictions, support permanently disarming Smith.

We recognize that case law regarding the interplay between the Second Amendment and § 922(g)(1) is rapidly evolving,[2] but binding Supreme Court and circuit precedents require a historical inquiry to determine whether "the government [has demonstrated] that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to" a § 922(g)(1) defendant's felony convictions. *Diaz*, 116 F.4th at 467. To show such a tradition, the government must present Founding-era

---

[2] Neither the district court nor the parties had the benefit of even our *Diaz*, 116 F.4th 458, decision when the district court denied Smith's motion to dismiss. *Cf. United States v. Orozco*, No. 24-50104, 2025 WL 2623429, at *2–3 (5th Cir. Sept. 11, 2025) (Higginson, J., concurring in judgment) (collecting cases).

laws that are "'relevantly similar' to § 922(g)(1)." *United States v. Kimble*, 142 F.4th 308, 313 (5th Cir. 2025) (quoting *United States v. Daniels*, 124 F.4th 967, 973 (5th Cir. 2025), *petition for cert. filed* (June 5, 2025) (No. 24-1248)). "In assessing similarity, we consider 'whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified.'" *Diaz*, 116 F.4th at 467 (quoting *Bruen*, 597 U.S. at 29).

Before the district court, the Government did not present historical analogues and rested instead on the general premise that history, tradition, and precedent support disarming all felons. At this court, both parties submitted their principal briefs in early 2025, so they did not have the benefit of considerable intervening law, including this court's recent opinion in *United States v. Kimble*, 142 F.4th 308. Neither party submitted additional briefing to address new developments from this court, so we ordered supplemental briefing, inviting the parties to address *Kimble* and other recent precedents.[3]

Considering the briefing and the record on appeal,[4] we conclude that the district court's lack of opportunity to apply our *Bruen* framework

---

[3] Both in its initial brief and supplemental brief, the Government principally argues that Smith should be disarmed because he is dangerous, as evidenced by misdemeanor convictions and a pattern of recidivism—rather than because Smith's predicate convictions have appropriate historical analogues. Even after being invited to address *Kimble*, the Government does not acknowledge—much less distinguish—language from that published circuit precedent, which states that looking beyond predicate felony convictions is not appropriate in a § 922(g)(1) constitutional analysis. *See Kimble*, 142 F.4th at 318 ("We thus do not embrace the view that courts should look beyond a defendant's predicate conviction and assess whether the felon's history or characteristics make him likely to misuse firearms. The relevant consideration is a defendant's prior convictions that are punishable by imprisonment for a term exceeding one year, not . . . prior conduct that did not result in a felony conviction." (internal quotation marks and citations omitted)).

[4] The parties cite seemingly pertinent yet distinct historical analogues. For example, Smith references Founding-era laws making receipt of stolen property a misdemeanor and contends that breaking and entering a vehicle lacks a historical

warrants remand. The parties should be heard first in the party presentation context before the district court, which has the full set of tools available to resolve the parties' historical dispute. Accordingly, we REMAND Smith's as-applied challenge for the district court to consider in the first instance. On remand, the government must meet its burden under *Bruen* to present historical analogues justifying § 922(g)(1)'s constitutionality as applied to Smith.

## IV.

Smith also raises four challenges to § 922(g)(1) that are foreclosed by binding precedent. He contends that the statute (1) is facially unconstitutional, (2) is unconstitutionally vague, (3) violates the Commerce Clause, and (4) violates the Fifth Amendment's promise of equal protection. As Smith concedes, our precedent forecloses each challenge. *See Diaz*, 116 F.4th at 471–72 (facial challenge); *United States v. Branson*, 139 F.4th 475, 478–79 (5th Cir. 2025) (vagueness challenge); *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013) (Commerce Clause challenge); *United States v. Goody*, 143 F.4th 617, 619 (5th Cir. 2025) (per curiam) (equal protection challenge).

## V.

For the foregoing reasons, we VACATE in part and AFFIRM in part the district court's order denying Smith's motion to dismiss his indictment. We VACATE the district court's findings on Smith's as-applied challenge and REMAND for further proceedings consistent with this opinion. We AFFIRM the district court's findings on Smith's foreclosed constitutional challenges.

---

equivalent. Meanwhile, the Government contends that knowingly receiving a stolen horse was a felony punishable by death in colonial Virginia and that Smith's predicate felonies are sufficiently "theft-related" to warrant permanent disarmament.