# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2025

Lyle W. Cayce
Clerk

No. 24-60606

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUSSELL DAVID PARKER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:24-CR-41-1

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Appellant Parker was sentenced to 51 months imprisonment and supervised release after he pled guilty to violating 28 U.S.C. Sec. 922(g)(1), possession of a firearm by a felon. On appeal, he asserts that the statute is unconstitutional as applied to him, along with various constitutional challenges to the statute itself. The challenges either lack merit or are barred by the terms of his guilty plea. AFFIRMED.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60606

Before pleading guilty, Parker moved to dismiss the indictment, arguing that Section 922(g)(1) was unconstitutional facially and as applied to him. In the guilty plea, he reserved the right to challenge the denial of the motion to dismiss. After being sentenced, Parker timely appealed.

Parker's as-applied challenge, although scantily preserved in the district court, alleges that the government failed to identify a specific predicate offense when he was charged under this provision. We give him the benefit of doubt and review this issue de novo. *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). The government relies, in part on prior felony offenses reflected in the PSR, including taking away a motor vehicle. Miss. Code Ann. Sec. 97-17-42. This court held in *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *pet. for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625), that Sec. 922(g)(1) was constitutionally applied where the defendant had a prior conviction for vehicle theft. *Diaz* forecloses Parker's as-applied challenge.

Parker additionally contends that this prior felony cannot be used in support of his conviction because it was neither noted in the indictment nor mentioned in the factual basis for the guilty plea, much less found by a jury. This issue, too, is now foreclosed by our recently published decision in *United States v. Alaniz*, 146 F.4th 1240, 1241-42 (5th Cir. 2025). *Alaniz* held that a prior felony conviction need not be enshrined in the indictment or the guilty plea proceeding because "the government doesn't need to prove the specific predicate felony in securing a conviction under Sec. 922(g)(1) in the first place." *Id.* at 1242 (quoting *United States v. Williams*, 113 F.4th 637, 660 (6th Cir. 2024) (citing *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644 (1997)).

Other issues raised by Parker may be readily rejected. His facial challenge to the statute of conviction is foreclosed, *Diaz*, 116 F.4th at 471-72,

No. 24-60606

as is his Commerce Clause challenge. *Id.* at 462. The vagueness challenge to this provision raises a novel issue that, if not waived by the guilty plea, cannot constitute plain error because Parker failed to raise it in the district court, and it would require an extension of existing precedent. *United States v. Sanchez*, 86 F.4th 680, 686 (5th Cir. 2023). Finally, his Equal Protection challenge to Sec. 922(g)(1) is barred by his guilty plea, which extended only to Second Amendment challenges to the provision. *See United States v. Mckinney*, 406 F.3d 744, 746 (5th Cir. 2005).

The district court's judgment is AFFIRMED.