# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2026

Lyle W. Cayce
Clerk

No. 25-60167

United States of America,

*Plaintiff—Appellee*,

*versus*

Lester Landrum,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CR-63-1

Before Davis, Jones, and Stewart, *Circuit Judges*.

W. Eugene Davis, *Circuit Judge*:

Lester Landrum appeals his conviction for possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He challenges his conviction on the basis that § 922(g)(1) is unconstitutionally vague. Because we do not find that § 922(g)(1) is void for vagueness, and because all Landrum's other arguments are foreclosed by our precedent, we AFFIRM.

I.

Landrum was indicted for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). The indictment charged that he unlawfully

No. 25-60167

possessed the weapon on November 12, 2023. Landrum's prior felonies include convictions for drug trafficking and a DUI offense. He was also serving a sentence of supervised release as to the DUI offense at the time of his § 922(g)(1) offense.

Landrum moved to dismiss the indictment, arguing that § 922(g)(1) is unconstitutional on several grounds. The district court denied the motion. Landrum then pled guilty pursuant to a plea agreement that preserved his right to appeal all his constitutional claims.

## II.

This timely appeal followed. Landrum argues § 922(g)(1) is: (1) facially unconstitutional under the Second Amendment, (2) unconstitutional as applied under the Second Amendment, (3) unconstitutional under the Equal Protection clause, and (4) beyond the scope of the Commerce Clause. All these arguments are foreclosed by our precedent.[1]

The only non-foreclosed argument Landrum makes is that § 922(g)(1) is unconstitutionally vague. We have previously held this contention fails on

---

[1] *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024) (holding § 922(g)(1) does not facially violate the Second Amendment); *United States v. Kimble*, 142 F.4th 308, 318 (5th Cir. 2025), *cert. denied*, No. 25-5747, 2026 WL 135675 (U.S. Jan. 20, 2026) (holding § 922(g)(1) does not violate the Second Amendment as applied to those with predicate drug trafficking felonies); *United States v. Giglio*, 126 F.4th 1039, 1045 (5th Cir. 2025) (holding § 922(g)(1) does not violate the Second Amendment as applied to those who possess a firearm while serving a term of supervised release); *United States v. Goody*, 143 F.4th 617, 619 (5th Cir. 2025) (per curiam) (holding § 922(g)(1) does not violate the Equal Protection clause); *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013) (holding § 922(g)(1) does not violate the Commerce Clause).

plain-error review.[2] But Landrum preserved his vagueness challenge, so we review it here de novo.[3]

### III.

"Vagueness doctrine is an outgrowth . . . of the Due Process Clause of the Fifth Amendment."[4] "A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited."[5] "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand."[6] So, a criminal defendant must show that his statute of conviction "is vague *in his case*."[7]

### IV.

Because Landrum's vagueness argument invokes recent developments in Second Amendment case law, we briefly summarize the relevant precedents. In 2022, the Supreme Court "established a new historical paradigm for analyzing Second Amendment claims"[8] in *New York State Rifle and Pistol Association v. Bruen*.[9] The Court explained that for a law disarming people to comport with the Second Amendment, the government

---

[2] *United States v. Branson*, 139 F.4th 475, 479 (5th Cir. 2025), *cert. denied*, No. 25-5565, 2026 WL 135762 (U.S. Jan. 20, 2026).

[3] *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014) ("We review preserved challenges to the constitutionality of a criminal statute *de novo.*").

[4] *United States v. Williams*, 553 U.S. 285, 304 (2008).

[5] *Id.*

[6] *United States v. Mazurie*, 419 U.S. 544, 550 (1975).

[7] *United States v. Clark*, 582 F.3d 607, 614 (5th Cir. 2009) (emphasis in original).

[8] *Diaz*, 116 F.4th at 465.

[9] 597 U.S. 1, 24 (2022).

must "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."[10] To do this, the government must "identify a well-established and representative historical analogue" for the modern law.[11]

In 2024, in *United States v. Diaz*, we considered whether § 922(g)(1) is constitutional under *Bruen's* historical-tradition test.[12] We did not hold, like some other circuits, that § 922(g)(1) is categorically constitutional based on a sufficient tradition of disarming felons generally.[13] Instead, we held § 922(g)(1) is constitutional only as applied to those felons whose *particular* predicate offenses have a historical analogue supporting disarmament.[14]

Since *Diaz*, we have analyzed a variety of felonies and found that some can support a § 922(g)(1) conviction while others cannot.[15] As relevant here, we held in *United States v. Kimble* that § 922(g)(1) is constitutional as to those with predicate drug trafficking felonies.[16] And, we held in *United States v.*

---

[10] *Id.*

[11] *Id.* at 30.

[12] 116 F.4th at 465.

[13] *See, e.g.*, *United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 2708 (2025); *United States v. Hunt*, 123 F.4th 697, 706 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 2756 (2025).

[14] *See Diaz*, 116 F.4th at 469 ("Simply classifying a crime as a felony does not meet the level of historical rigor required by *Bruen* and its progeny.").

[15] *See, e.g.*, *United States v. Betancourt*, 139 F.4th 480, 484 (5th Cir. 2025), *cert. denied*, No. 25-5514, 2026 WL 135617 (U.S. Jan. 20, 2026) (holding that aggravated assault is a valid § 922(g)(1) predicate); *United States v. Cockerham*, 162 F.4th 500, 510 (5th Cir. 2025) (holding that failure to pay child support is *not* a valid § 922(g)(1) predicate).

[16] 142 F.4th at 318.

*Giglio* that § 922(g)(1) is constitutional as to those serving a term of supervised release at the time of their unlawful possession of a firearm.[17]

## V.

Landrum has prior drug trafficking felonies, and he committed his § 922(g)(1) offense while on supervised release. So, he concedes that *Kimble* and *Giglio* mean he can be constitutionally disarmed pursuant to the Second Amendment. But he points out that these decisions had not been handed down at the time of his offense conduct—his possession of the firearm in November of 2023. He thus avers that at the time of his offense, an ordinary person with his history would not have had "fair warning" that he could not possess a firearm. That is, he contends that *Bruen* and *Diaz* rendered § 922(g)(1) unconstitutionally vague by requiring courts to perform unpredictable historical analyses to determine the constitutionality of convictions under the statute.

There are two fatal problems with Landrum's argument. First, the vagueness doctrine requires that the *challenged statute itself* be unconstitutionally vague.[18] Landrum does not argue that § 922(g)(1) itself is vague, nor could he: the statute "clearly defines the prohibited conduct— possessing a firearm as a felon."[19] That clarity is dispositive.

---

[17] 126 F.4th at 1045.

[18] *See Kolender v. Lawson*, 461 U.S. 352, 357 (1983) ("[T]he void-for-vagueness doctrine requires that a *penal statute* define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." (emphasis added)); *Johnson v. United States*, 576 U.S. 591, 595 (2015) ("The prohibition of vagueness *in criminal statutes* is a well-recognized requirement." (emphasis added) (internal quotation marks omitted)); *United States v. Williams*, 553 U.S. 285, 304 (2008) ("A conviction fails to comport with due process if *the statute under which it is obtained* fails to provide a person of ordinary intelligence fair notice." (emphasis added)).

[19] *Branson*, 139 F.4th at 479.

Second, none of the decisions Landrum points to could have created genuine confusion *in his case*.[20] In Landrum's principal brief, he blames *Diaz* for creating vagueness by requiring courts to "engage in historical analysis for each predicate felony." But as the government correctly points out, *Diaz* post-dates Landrum's offense conduct, so there is no way that decision could have spawned vagueness in his case.[21]

In his reply brief, Landrum attempts to salvage his position by contending that *Bruen* created vagueness as early as 2022 by introducing the foundational historical-tradition test. But *Bruen* is not a § 922(g)(1) case and made no pronouncement on the constitutionality of that statute. Accordingly, it could not have caused an ordinary person in Landrum's position to experience confusion as to the continued viability of § 922(g)(1). Moreover, no precedent supports the proposition that a Supreme Court decision interpreting the constitution's protections can render a clear statute void for vagueness.[22]

AFFIRMED.

---

[20] *Clark*, 582 F.3d at 614.

[21] *See Branson*, 139 F.4th at 479 n.2 ("[Appellant] offers our September 2024 *Diaz* decision as the catalyst that made § 922(g)(1) vague. The corollary is that pre-*Diaz* § 922(g)(1) was not vague. Thus, when [Appellant] was arrested in June 2023—over a year before *Diaz* issued—he had fair notice that pursuant to § 922(g)(1) it was illegal for him to possess a firearm.").

[22] *See id.* at 479 ("We are aware of no precedent that permits a vagueness challenge to circumvent the text because a court's interpretation has rendered vague an otherwise pellucid statutory provision."); *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1106 (6th Cir. 1995) ("No precedent supports the proposition that a party may attack a Supreme Court decision as void for vagueness.").