# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-30148
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Xavion Watts,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CR-9-1

———————————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Xavion Watts appeals his conviction for possession of a machinegun under 18 U.S.C. § 922(o) and his above-guidelines sentence to ten years of imprisonment. He contends that (1) his sentence was procedurally and substantively unreasonable; (2) Section 922(o) is unconstitutional as applied to him in light of *New York State Rifle &*

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30148

*Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); and (3) Congress's enactment of § 922(o) exceeded its authority under the Commerce Clause.

With respect to the sentence, which was imposed in the alternative as an upward variance, we are not persuaded that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) factors or by failing to explain its reasons for the sentence. *See Gall v. United States*, 552 U.S. 38, 50–51 (2007); *Rita v. United States*, 551 U.S. 338, 356 (2007). As a result, we need not consider the procedural reasonableness of the district court's imposition of the sentence as an upward departure in the alternative. *See United States v. Hebert*, 813 F.3d 551, 561–62 (5th Cir. 2015); *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007). Considering our deferential standard of review, Watts has not demonstrated that the district court imposed a substantively unreasonable sentence. *See Gall*, 552 U.S. at 51; *United States v. Fraga*, 704 F.3d 432, 439–40 (5th Cir. 2013).

Watts's unpreserved constitutional challenges to § 922(o) under the Second Amendment and the Commerce Clause fail on plain error review. *See United States v. Sanches*, 86 F.4th 680, 688 (5th Cir. 2023); *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016), *abrogated on other grounds by United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025); *United States v. Knutson*, 113 F.3d 27, 31 (5th Cir. 1997). Accordingly, the judgment of the district court is AFFIRMED.